SEYFARTH SHAW LLP
Jamie C. Pollaci (SBN 244659)
jpollaci@seyfarth.com
Sumithra R. Roberts (SBN 256078)
sroberts@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:    (310) 201-5219

Attorneys for Defendant
RAYTHEON TECHNOLOGIES
CORPORATION which will do business in
California as RAYTHEON (CA)
TECHNOLOGIES CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN REED,<br><br>            Plaintiff,<br><br>    v.<br><br>RAYTHEON (CA) TECHNOLOGIES CORPORATION, AND DOES 1-50, inclusive,<br><br>            Defendants. | Case No. 2:22-cv-405<br><br>(Los Angeles Superior Court, Case No. 21STCV45512)<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO DIVERSITY OF CITIZENSHIP JURISDICTION [28 U.S.C. SECTIONS 1332 AND 1441]**<br><br>Complaint Filed: December 16, 2021<br>Trial Date:       None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

Please take notice that Defendant Raytheon Technologies Corporation which will do business in California as Raytheon (CA) Technologies Corporation ("RTX" or "Defendant")[1] hereby files this Notice of Removal pursuant to 28 U.S.C. sections 1332 and 1441(a) and (b), based on diversity of citizenship jurisdiction, in order to effectuate the removal of the above-captioned action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California and states that removal is proper for the following reasons:

## I.  BACKGROUND

1.  On December 16, 2021, Plaintiff Ian Reed ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Los Angeles, entitled, *Ian Reed v. Raytheon (CA) Technologies Corporation, and Does 1 to 50, inclusive*, designated as Case No. 21STCV45512. In the Complaint, Plaintiff alleges five causes of action: (1) Race Discrimination in Employment; (2) Racial Harassment; (3) Failure to Maintain Environment Free from Harassment; (4) Retaliation under Government Code section 12940, *et seq.*; and (5) Retaliation in Violation of Public Policy.

2.  On December 21, 2021, Plaintiff served Raytheon Technologies Corporation (RTX) with the Summons and Complaint, Civil Case Cover Sheet, Notice of Confirmation of Electronic Filing, First Amended General Order of the Los Angeles Superior Court, Voluntary Effective Litigation Stipulations, ADR Information Package,

---

[1] Raytheon Technologies Corporation is registered to do business in California as Raytheon Technologies Corporation which will do business in California as Raytheon (CA) Technologies Corporation ("RTX") and is a Delaware corporation. (Declaration of Jennifer M. Boivin ["Boivin Dec."], ¶ 1, 4). Plaintiff was not employed during the relevant time period or at all by RTX and was at all times relevant to the Complaint an employee of Aeronautical Radio, Incorporated. (Declaration of Alissa Dorman ["Dorman Dec."], ¶3.) Nonetheless, both Aeronautical Radio, Incorporated and RTX are diverse from Plaintiff for purposes of this Removal.

and Notice of Case Assignment. True and correct copies of these documents served on Defendant are attached as **Exhibit 1.**

3. On January 18, 2022, RTX filed its Answer to the Complaint in Los Angeles County Superior Court. A true and correct copy of RTX's Answer filed in Los Angeles County Superior Court is attached as **Exhibit 2**.

4. **Exhibits 1 and 2** constitute all of the pleadings served on RTX and/or filed by RTX in the state court action prior to filing this Notice of Removal. (Declaration of Sumithra R. Roberts ["Roberts Dec."] ¶ 3.) The only hearing currently scheduled in the Los Angeles County Superior Court in the state court action is a Case Management Conference scheduled for May 12, 2022, in Department 51 of the Los Angeles Superior Court. (Roberts Dec. ¶ 3.)

## II.   TIMELINESS OF REMOVAL

5. This notice of removal is timely as it is filed less than one year from the date this action was commenced and within thirty days of the service of the Summons and Complaint upon RTX. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint). (Exhibit 2.)

## III.   JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

6. The Court also has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. section 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

7. **Plaintiff's Citizenship.** "An individual is a citizen of the state in which he is domiciled …." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Evidence of

1  continuing residence creates a presumption of domicile. *Washington v. Havensa LLC*,
2  652 F.3d 340, 345 (3d Cir. 2011).
3      8.    At the time Plaintiff filed this civil action, and during all relevant times,
4  Plaintiff was a citizen and resident of the County of Los Angeles in the State of
5  California. (Compl. ¶1.) Plaintiff is a current employee of Aeronautical Radio, Inc. and
6  alleges in the Complaint that he "began his employment" on February 5, 2018. (Compl. ¶
7  5.) Plaintiff's home address at all times while he has worked for Aeronautical Radio, Inc.
8  has been within the State of California. (Dorman Dec. ¶ 3.) There are no documents in
9  Plaintiff's personnel file to suggest in any way that he is currently, or during any period
10 of his employment was, a domiciliary or citizen of any state other than California.
11 (Dorman Dec. ¶ 3.)
12     9.    **RTX's Citizenship.** For diversity purposes, a corporation is deemed to be a
13 citizen of any state in which it has been incorporated and of any state where it has its
14 principal place of business. 28 U.S.C. § 1332(c)(1). The "principal place of business" for
15 the purpose of determining diversity subject matter jurisdiction refers to "the place where
16 a corporation's officers direct, control, and coordinate the corporation's activities .… [I]n
17 practice it should normally be the place where the corporation maintains its headquarters-
18 provided that the headquarters is the actual center of direction, control, and coordination,
19 i.e., the 'nerve center,' and not simply an office where the corporation holds its board
20 meetings[.]" *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S.Ct. 1181, 1192 (2010).
21     10.    Aeronautical Radio, Inc., Plaintiff's true employer, is and was at the time of
22 the institution of this civil action, a corporation validly existing under the laws of the
23 State of Delaware and has its headquarters and its principal place of business in
24 Annapolis, Maryland. (Boivin Dec. ¶¶ 6, 7.)
25     11.    RTX is and was at the time of the institution of this civil action, a
26 corporation validly existing under the laws of the State of Delaware and has its
27 headquarters and principal place of business in Waltham, Massachusetts. (Boivin Dec. ¶¶
28 4, 5.)

12. The United States Supreme Court held that when determining a corporation's principal place of business for diversity purposes, the appropriate test is the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2010). Under the "nerve center" test, the "principal place of business" means the corporate headquarters where a corporation's high level officers direct, control and coordinate its activities on a day-to-day basis. *Id.* ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities").

13. Under the "nerve center" test, the principal place of business for Aeronautical Radio, Inc.—Plaintiff's actual employer if properly joined as a party to this lawsuit— is Maryland. Aeronautical Radio, Inc.'s headquarters are located in Annapolis, Maryland. (Boivin Dec. ¶ 7.) Aeronautical Radio, Inc.'s corporate offices, from which its officers direct, control, and coordinate its activities and business operations are located in the State of Maryland. (*Id.*)

14. Under the "nerve center" test, the principal place of business of the named defendant, RTX, is in Massachusetts. RTX's corporate headquarters are located in Waltham, Massachusetts. (Boivin Dec. ¶ 5.) RTX's corporate offices, from which its officers direct, control, and coordinate its activities and business operations are located in the State of Massachusetts. (*Id.*)

15. Accordingly, pursuant to 28 U.S.C. section 1332(c), Raytheon Technologies Corporation which will do business in California as Raytheon (CA) Technologies Corporation is a citizen of Delaware and Massachusetts for diversity purposes. Additionally, Aeronautical Radio, Inc. is a citizen of Delaware and Maryland for diversity purposes.

16. Further, in compliance with 28 U.S.C. section 1441(b), "none of the parties in interest properly joined and served as defendant is a citizen of the State in which [this] action is brought." Pursuant to 28 U.S.C. section 1441(a), the citizenship of defendant sued under a fictitious name shall be disregarded. The inclusion of "Doe" defendants in

1  Plaintiff's state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441 (a) (stating that for purposes of removal, the citizenship of defendant sued under a fictitious name shall be disregarded). In determining whether diversity of citizenship exists, only the named defendant is considered. *Ibid*.

17.  **Amount in Controversy.** While RTX denies any liability as to Plaintiff's claims, the amount in controversy requirement for diversity jurisdiction is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. 28 U.S.C. § 1332(a)(1); *see Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (where a plaintiff's state court complaint does not specify a particular amount of damages, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds the requisite threshold).

18.  Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a *preponderance of the evidence* that the amount in controversy exceeds the statutory minimum. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). Further, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that a court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may set forth underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Id.*; *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

19.  As the Supreme Court has explained, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by

the plaintiff or questioned by the court."); *see also Valdez*, 372 F.3d at 1117 ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy"). Defendant is not obligated to "research, state, and prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (noting that the inquiry is "what is in controversy" by the plaintiff's complaint, not what a defendant will actually owe).

20. In determining whether a complaint meets the $75,000 threshold under 28 U.S.C. section 1332(a), the Court must consider a plaintiff's alleged aggregate damages, special damages, punitive damages, and attorneys' fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees may be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages may be taken into account in determining amount in controversy where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

21. The calculations supporting the amount in controversy are based on Plaintiff's *potential* recovery pursuant to the claims alleged in the Complaint, assuming, without any admission, the truth of any of the allegations, and assuming liability (which is disputed) based on Plaintiff's theory of recovery.

22. **Compensatory Damages.** In his Complaint, Plaintiff seeks to recover compensatory damages including "special and economic damages for all Causes of Action." (Compl. Prayer for Relief, No. 1.) Plaintiff vaguely alleges that "after his complaints to Human Resources about the hostility and retaliation [. . .]" "Plaintiff's insurance benefits were removed." (Compl. ¶ 9.) Plaintiff first complained to

1  Aeronautical Radio, Inc.'s Employee Relations regarding race-related comments and
2  potential retaliation on August 6, 2021. (Dorman Dec. ¶ 6.) Plaintiff is also claiming lost
3  vacation pay. (Compl. ¶ 14.) Plaintiff's Complaint alleges claims under the Fair
4  Employment and Housing Act ("FEHA") for race discrimination, retaliation, race
5  harassment, and failure to maintain a workplace free from harassment. Under the FEHA,
6  a prevailing plaintiff is entitled to lost compensation, including fringe benefits, in the
7  amount that he or she would have received but for the adverse employment action, less
8  sums obtained through mitigation. *Parker v. Twentieth Century-Fox Film Corp.*, 3 Cal.3d
9  176, 181 (1970). Health insurance premiums are recoverable as part of a backpay award,
10 and may be awarded at plaintiff's replacement cost, not simply the cost paid by the
11 employer. *Wise v. Southern Pac. Co.*, 1 Cal.3d 600, 607-608, 83 CR 202, 207 (1970).

12       23.   Plaintiff works as a Senior Field Service Technician, earning $31.25 per
13 hour, and is scheduled to receive a wage increase to $33.00 per hour in February 2022.
14 (Dorman Dec. ¶ 4.) Plaintiff was eligible for group health insurance pursuant to the
15 August 30, 2018, Contract between Aeronautical Radio, Inc. and the International
16 Brotherhood of Teamsters (the "CBA"). (Dorman Dec. ¶ 4, Ex. A.) Pursuant to the CBA,
17 Plaintiff was eligible for one of three "Consumer Driven Health Plans" or "CDHPs." (*Id.*)
18 Most recently, Plaintiff was covered under CDHP Option 1, administered by Anthem.
19 (Dorman Dec. ¶ 4.) Plaintiff received an employer contribution to his Health Saving
20 Account in the amount of $4,500 annually. (*Id.*) The average cost of similar coverage
21 available through Covered California is approximately $338.41 per month. (Roberts Dec.,
22 ¶ 5.) Plaintiff was also entitled to ten days of vacation pay annually, at a value of
23 $2,500.00 per year, which would have increased in value to $2,640 per year in February
24 2022 based on Plaintiff's impending wage increase. (Dorman Dec., ¶ 5.) Conservatively
25 estimating a December 2022 trial date (twelve months after the Complaint was filed),
26 Plaintiff's lost insurance premiums, HSA contribution and vacation pay would amount to

approximately $13,520.72 *i.e.*, sixteen months between when Plaintiff first complained to Human Resources and trial.[2]

24. In addition to back benefits, a plaintiff who prevails on a claim for wrongful termination or discriminatory discharge of employment may be entitled to either reinstatement or an award of "front pay" in lieu of reinstatement. *See*, *e.g.*, *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement); *Secru v. Laboratory Corp. of America*, No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763, at * 2, n.3 (D. Nev. Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *James v. Childtime Childcare, Inc.*, No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543, at *2, n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also Crum v. Circus Circuit Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy).

25. An award of three years of front benefits/vacation pay would entitle Plaintiff to more than $33,602.76 in additional recovery.[3] *See Traxler v. Multnomah County*, 569 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly four years' front pay in a wrongful termination suit); *see also Glenn-Davis v. City of Oakland*, No. C 02-2257 SI, 2008 WL 410239, *4 (N.D. Cal. 2008) (finding three years of front pay "appropriate" in a discrimination suit); *Ackerman v. Western Elec. Co., Inc.*, 643 F. Supp. 836, 856 (N.D. Cal. 1986) (same). Thus, Plaintiff's allegations of lost benefits and vacation pay total **$47,123.48**, contributing to the amount in controversy requirement.

26. **Emotional Distress Damages.** In addition to compensatory damages, Plaintiff claims emotional distress damages. (Compl. ¶¶ 15, 23, 35 and Prayer for Relief, No. 2.) In particular, Plaintiff claims that as a result of "defendants' tortious conduct [. . .]

---

[2] $338.41 x 16 months (health insurance premiums) + $2,500 /12 months x 6 months (vacation pay) + $2,640/12 months x 10 months + $4,500 (one year of lost HSA contribution).

[3] [($338.41 x 12 months) + ($2,640 + $4,500)] x 3 years.

plaintiff was caused to become seriously and severely emotionally upset and depressed. He has suffered and continued to suffer anxiety, worry, loss of appetite and loss of sleep, all to his detriment and damage in an amount unspecified at present, and which will be subject to proof at the time of trial." (Compl. ¶ 15.) In *Thompson v. Big Lots Stores, Inc.*, No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261, *4 (E.D. Cal. 2017), the Eastern District of California made clear that "[i]n determining the amount in controversy, a court may assess likely emotional distress damages by reference to damages awards in similar discrimination cases." Applying that rule, the *Thompson* court found the defendant met its burden of showing that damages awards for emotional distress in analogous cases are often substantial, where the defendant pointed to a jury award of $122,000 in emotional distress damages to an employee who sued for discrimination and wrongful termination. *Id.*

27. In fact, such damages may exceed $122,000. A review of jury verdicts in California demonstrates as much. *See*, *e.g.*, *Silverman v. Stuart F. Cooper Inc.*, No. BC467464, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, No. BC484335, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in discrimination action); *Aboulafia v. GACN Inc.*, No. BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, 09CV03279(DMG), 2011 WL 7447633 (C.D. Cal) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case); *Welch v. Ivy Hill Corp.*, No. BC414667, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in an discrimination action); *Leimandt v. Mega RV Corp.*, No. 30-2010-00388086, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to employee in an discrimination case). These awards demonstrate that, for diversity

purposes, the value of Plaintiff's alleged emotional distress damages exceeds the $75,000 amount in controversy requirement.

28. **Attorney's Fees.** Plaintiff also claims statutory entitlement to attorney's fees. (Compl. Prayer for Relief, No. 6.) Attorney's fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt*, 142 F.3d at 1156 (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). The amount of attorneys' fees for purposes of amount in controversy calculations is the expected reasonable attorneys' fees **through trial**. *Fritsch v. Swift Transp.*, 899 F. 3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."). Under California Government Code section 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in FEHA actions. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Bd. of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005). Here, Plaintiff asserts five FEHA claims against Defendant in the Complaint. (Compl. First through Fourth Causes of Action.)

29. RTX anticipates that the Parties will propound written discovery, that depositions will be taken in this case, and that RTX will file a Motion for Summary Judgment. (Roberts Dec. ¶ 4.) Here, if Plaintiff prevails, he could be entitled to an award of attorneys' fees that alone are "more likely than not" to exceed $75,000, as is typical in employment discrimination cases. Indeed, Courts have awarded attorneys' fees in excess of $75,000 in cases involving discrimination. S*ee*, *e.g.*, *Crawford v. DIRECTV, Inc.*, No. BC417507, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50 in alleged discrimination action); *Davis v. Robert Bosch Tool Corp.*, No. B185408, 2007 WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp.*,

No. GIC836582, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fees award of $490,000 for claims including discrimination case).

30. **Punitive Damages.** Plaintiff also seeks punitive damages in the Complaint. (Compl., Prayer for Relief, No. 3.) The Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F. 3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). "Because plaintiff brings a claim under FEHA, and '[p]unitive damages are recoverable for FEHA violations,' punitive damages may be included in the amount in controversy here." *Thompson*, 2017 WL 590261 at *4.

31. Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged discrimination and retaliation cases. *See*, *e.g.*, *Juarez v. Autozone Stores, Inc.*, No. 08cv417–L (BLM), 2011 WL 1532070 (S.D. Cal., November 18, 2014) ($185 million verdict for plaintiff in discrimination case); *see also Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1.9 million equal to the compensatory damage award was appropriate in retaliation case).

32. In sum, Plaintiff's aggregated recovery on his claims, including compensatory damages such as lost wages and emotional distress damages, attorney's fees, and punitive damages, satisfies the $75,000 jurisdictional threshold. While Defendant denies any liability as to Plaintiff's claims, it is "more likely than not" that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. section 1332(a).

33. Because diversity of citizenship exists between Plaintiff and the named Defendant, and the matter in controversy between the Parties exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1) and removal is proper.

## IV. VENUE

34. Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 84(c)(2), 1441, and 1446(a) because this action

originally was brought in the Superior Court of the State of California, County of Los Angeles. Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## V. NOTICE OF REMOVAL TO PLAINTIFF AND THE SUPERIOR COURT

35. Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

## VI. PRAYER FOR REMOVAL

Wherefore, RTX prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California.

DATED: January 19, 2022

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Sumithra R. Roberts*
Jamie C. Pollaci
Sumithra R. Roberts
Attorneys for Defendant
RAYTHEON TECHNOLOGIES CORPORATION which will do business in California as RAYTHEON (CA) TECHNOLOGIES CORPORATION