LAW OFFICE OF TERRY K. DAVIS
Terry K. Davis (SBN 165088)
davislaw@netzero.com
12711 Newport Avenue, Ste. D
Tustin, CA 92780
(714) 558-9529

Attorney for Plaintiff
IAN REED

SEYFARTH SHAW LLP
Jamie C. Pollaci (SBN 244659)
jpollaci@seyfarth.com
Sumithra R. Roberts (SBN 256078)
sroberts@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:  (310) 201-5219

Attorneys for Defendant
RAYTHEON TECHNOLOGIES
CORPORATION which will do business in
California as RAYTHEON (CA)
TECHNOLOGIES CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN REED,<br><br>    Plaintiff,<br><br>    v.<br><br>RAYTHEON (CA) TECHNOLOGIES CORPORATION, AND DOES 1-50, inclusive,<br><br>    Defendants. | Case No. 2:22-cv-00405-SB-AS<br><br>(Los Angeles Superior Court,<br>    Case No. 21STCV45512)<br><br>**JOINT RULE 26(f) REPORT**<br><br>**[Fed. R. Civ. Proc. 26(f)]**<br><br>**Date: March 4, 2022**<br>**Time: 8:30 a.m.**<br>**Courtroom: 6C**<br><br>Complaint Filed:   December 16, 2021<br>Answer Filed: January 18, 2022<br>Removed on: January 19, 2022<br>RTX Prop. Trial: December 12, 2022<br>Plaintiff Prop. Trial: January 16, 2022<br>Proposed MSC: May 15, 2022 |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Central District of California Rule 26-1, and this Court's Order Setting Scheduling Conference dated January 21, 2022 (Dkt. 12), Plaintiff Ian Reed ("Plaintiff" or "Reed") and Defendant Raytheon Technologies Corporation which will do business in California as Raytheon (CA) Technologies Corporation ("RTX") (collectively, the "Parties") hereby submit the following Joint Rule 26(f) Report. The Parties' Rule 26(f) conference was held on February 4, 2022.

**(1)  Subject Matter Jurisdiction**

The parties do not dispute that the Court has subject matter jurisdiction of this case pursuant to diversity jurisdiction and that venue is proper.

**(2)  Statement of the Case**

**Plaintiff:** Plaintiff is a current employee of Defendant and on multiple occasions plaintiff made complaints about non-payment of overtime wages, failure to reimburse for expenses and his misclassification of "contingent worker/expired contract" status. Plaintiff's personal accidental insurance was summarily terminated subsequent his complaints, and he was forced on numerous times to work in unsafe conditions despite his complaints. Plaintiff was denied opportunity to apply for Senior Support Supervisor/Aeronautical Radio Inc Project Manager of Western US territory after requesting for the Program Director to email or provide him the link to apply for the position in Fall 2019 and January 2020. Kerry Newman was given the job of Senior Support Supervisor/Project Manager of the Western US region. Plaintiff was not compensated fairly during the hiring process; plaintiff was not compensated what he requested, and a nonblack employee was compensated at a higher pay scale upon his hire. Plaintiff has been continuously subjected to racial slurs by his coworkers, hostile behavior, threats, and unsafe working conditions. Plaintiff voiced concerns about an FCC violation; defendant allowing non-General Radio Operator License employees perform repairs and maintenance to air ground stations.

**RTX:** RTX is not a proper party to this action as it does not employ and has never employed Plaintiff. Aeronautical Radio, Inc. ("ARI"), an indirect subsidiary of RTX, has been Plaintiff's employer at all times relevant to Plaintiff's Complaint. Both RTX and ARI deny discriminating against or retaliating against Plaintiff on the basis of his race, and deny that Plaintiff was subject to racial harassment. As an initial matter, Plaintiff was not subjected to any adverse employment action by his employer. Namely, despite the allegations in his Complaint, Plaintiff, who is currently employed by ARI as a Senior Field Technician, has never been listed as a contingent worker and in fact cannot be a contingent worker because he is a member of a collective bargaining unit that does not allow for that category of employee. Further, Plaintiff's insurance benefits were never removed. Moreover, Plaintiff's complaints to ARI regarding safety issues and alleged race harassment (that were first brought to the Company's attention in August 2021) were promptly and thoroughly investigated, and the Company continues to appropriately address safety issues to ensure its employees work in a safe environment. Consequently, RTX and ARI deny that Plaintiff has suffered any damage at all as a result of any alleged actions by RTX and ARI.

**(3)** **Damages/Insurance**

a. *Damages*

**Plaintiff:** Unpaid past economic damages for overtime and unpaid expenses, future lost wages based on discrimination, general damages according to proof and attorneys' fees per statute the complete amounts which are not completely discernable until experts are retained. However, unpaid wages/expenses appear to be over $100,000.00.

**RTX:** RTX denies that it is responsible for any damages claimed by Plaintiff who is still employed by ARI, has not ever had his pay or benefits reduced or been subject to any adverse employment action, and continues to maintain insurance coverage as required by the applicable Collective Bargaining Agreement.

b. *Insurance*

RTX states that there is no insurance agreement under which an insurance business

may be liable to satisfy all or part of a possible judgment in this action.

**(4)  Parties, Evidence, etc.**

a.   *Parties.*

The parties in this case are Plaintiff Ian Reed and Defendant Raytheon Technologies Corporation which will do business in California as Raytheon (CA) Technologies Corporation. RTX is the direct parent company of Hamilton Sundstrand Corporation, Goodrich Corporation and Rockwell Collins, Inc. and their subsidiaries are within one business segment that does business as and is marketed under the name Collins Aerospace. Aeronautical Radio, Inc., is a wholly-owned indirect subsidiary of Rockwell Collins, Inc.

b.   *Evidence.*

**Plaintiff:** Although discovery has not yet been completed, Plaintiff anticipates that the following witnesses will have information relevant to this case: Employee Relations Partner Alissa Dorman, Israel Alvarado, Norman Fox, Kerry Newman, Efren Escobar, Miguel Lopez, Gerald Rosengreen, Diradra McCall and Christian Suh.

Although discovery has not yet been completed, Plaintiff anticipates that the following documents will be introduced as evidence in this matter:

1. Job Description First Version: Senior Field Service Technician
2. Job Description Second Version: Contingent Worker
3. 2018 - 2021:  YTD Commission Statement
4. 2019 - 2021:  YTD Manager's Performance Evaluation
5. February 2018 - 2022:  Stock Option
6. 2018 - 2022:  Employee Compensation Statement
7. 2021 Manager Sales Incentive Plan
8. 2019:  Year End Self Assessment
9. Organization Chart:  Global Sales Chart
10. Organization Chart:  2022 Sales Structure
11. Organization Chart:  Outbound/Segment Marketing

| | | |
|---|---|---|
| 1 | 12. | ADP Payroll History: 2.05.2018 through 2.04.2022 |
| 2 | 13. | Contingent Worker Status Notification |
| 3 | 14. | Exhibit B: Older Workers Benefit Protection Act |
| 4 | 15. | Resume: Ian L. Reed |
| 5 | 16. | Travel & Expense Guideline Quick Sheet |
| 6 | 17. | E-mail on Travel and Expense Guidelines; CorporateTravelPolicy.pdf |
| 7 | 18. | 2022.12.6. E-mail from Laura Diblasi asking if anyone had received her shipment |
| 8 | 19. | 2010.09. Internal e-mail from Norman accidentally sent to Israel Alvarado |
| 9 | 20. | 2010.09. E-mail to Norman Fox and Finance requesting expense reimbursement. |
| 10 | 21. | 2021.08.16 Norman Fox email: "I don't want to seem unresponsive". |
| 11 | 22. | 2017.11.13 E-mail to David Phillips establishing my expected compensation |
| 12 | 23. | Purchase card statement shows that management had me going against the legal |
| 13 | | procedures for purchases and their Purchase Card Policy |
| 14 | 24. | IMS-Purchase card policy and procedure form |
| 15 | 25. | Receipts: Dr M Jay Fibus, Ph.D/ Psychiatric/Counseling Visit |
| 16 | 26. | Receipts: Dr. Ehab Yacoub request for medication |
| 17 | 27. | 2021.08.05. Email to Alissa Dorman about hostile behavior |
| 18 | 28. | 2021.09.29 Email from Kerry Newman with new work hours |
| 19 | 29. | 2021.10.04 Email from Kerry Newman changing shop hours again |
| 20 | 30. | 2021.10.01 Email from Kerry Newman lying like the Technicians voted for hour to |
| 21 | | be 7:00 AM – 4:00 PM |
| 22 | 31. | 2021.09.21. Email to Alissa Dorman expressing the conflict of interest |
| 23 | 32. | 2021.09.06 Email stating the I am a Worker with Expired Contract Date |
| 24 | 33. | Print out of ARINC organizational flow chart |
| 25 | 34. | Workday profile Raytheon Employee ID |
| 26 | 35. | List of all my current airport badges |
| 27 | 36. | List of all Miguel Lopez's current badges |
| 28 | 37. | 2020.03.20 E-mail from Kerry Newman |

38. 2021.05.17 Email from Kerry Newman in regards to PDX TCB-1 install
39. Conflict Of Interest Policy
40. 2021.09.21.   Conflict of Interest response from Alissa Dorman.
41. All notes from facilitated meetings with Alissa Dorman and Kerry Newman
42. LAXMM/Lakewood Field Service Technician schedule from start of pandemic to all of 2022.
43. All work related travel for every Technician at LAXMM/Lakewood, CA Aeronautical Radio Inc/Collins Aerospace/Raytheon Technologies
44. Relevant Verizon Phone Records.
45. All union grievances filed by Ian Reed against Aeronautical Radio Inc.
46. Saint George, Utah Alt VDL Workticket
47. Saint George, Utah Site Survey
48. All Workticket dispatches since February 5, 2018 to February 2022
49. All emails from Air Canada Palm Spring, CA relevant to work done on May 7, 2020
50. Cigna Insurance termination documents
51. Cashed check made payable to Cigna Insurance
52. 2020.04.17 email from Collins Human Resources
53. Aeronautical Radio Inc and Teamsters 986 Collective Bargaining agreement
54. Rockwell Collins Employee Benefits Booklet/Portfolio
55. United Technologies letter stating job title, function, etc.
56. 2020.09.29. Printout of alert notification Details still labeled Contingent Worker with expired contract
57. All timesheet records from February 5, 2018 to February 2022
58. ARINC employee number
59. 2021 Holiday Callout List
60. Public record showing that Efren Escobar and Christopher Patino's wives are sister
61. All ES&H guidelines

62. Safety One Training
63. Expired Safety One roof top and tower climber card while doing rooftop work
64. All Work ticket dispatches from AOC and relevant emails from customers regarding requested and work completed
65. Israel Alvarado Witness Statement
66. Time Sheet March 16, 2020
67. Medical Bill $300
68. Medical Bill $400
69. Ehab Yacoub Md Inc Medical Bills
70. Offer Letter 1/10/2018

**RTX:** Although discovery has not yet been completed, RTX anticipates that the following documents will be introduced as evidence in this matter: Plaintiff's personnel file; Plaintiff's wage statements and benefits records from ARI; the Collective Bargaining Agreement applicable to Plaintiff's employment with ARI; email communications pertinent to the allegations in Plaintiff's Complaint; and relevant policies and procedures of ARI.

**(5)     Discovery**

a.     *Status of Discovery*.

**Plaintiff:** Plaintiff will serve Requests for Production of Documents, Special Interrogatories and Requests for Admission as authorized by the Federal Rules of Civil Procedure and will need to conduct depositions of the above witnesses.

**RTX:** On February 4, 2022, RTX served Requests for Production of Documents and Special Interrogatories as authorized by the Federal Rules of Civil Procedure. RTX also noticed Plaintiff's deposition for April 1, 2022.

b.     *Discovery Plan*.

i.     Initial Disclosures: The parties will exchange initial disclosures on February 18, 2022.

    ii.  Scope of Discovery:

As an initial matter, the parties agree to conduct depositions remotely subject to a stipulation regarding the conduct of remote depositions that the parties will execute prior to conducting any depositions.

**Plaintiff:** Discovery is needed on the following subjects:

  a.  Explore the facts supporting Defendant's Affirmative Defenses;

  b.  The nature and extent of Plaintiff's duties and responsibilities;

  c.  Any evidence Defendant has to refute Plaintiff's claims;

  d.  Factual inquiry of defense witnesses or third parties and defense experts;

  e.  Obtain the necessary factual evidence to defeat defendant's Motion for Summary Judgment.

**RTX:** On February 4, 2022, RTX served Requests for Production of Documents and Special Interrogatories on Plaintiff for purposes of obtaining discovery of all facts and documents that support Plaintiff's causes of action—namely, what adverse employment actions are alleged and what conduct Plaintiff claims was harassment based on race— and all facts and documents that support Plaintiff's claims for damages, including the alleged change in his insurance benefits and whether he has sought treatment for emotional distress. RTX noticed Plaintiff's deposition for April 1, 2022. RTX also intends to serve third party subpoenas if necessary in accordance with the Federal Rules of Civil Procedure.

    iii.  ESI:

With respect to electronically stored information, the Parties agree that any relevant electronically stored information will be produced in paper or hard copy format. However, the parties agree to provide the original in an electronic format if requested after production.

    iv.  Discovery Limitations or Orders:

RTX requests that discovery of its financial condition be stayed unless and until there is a finding that an officer, director or managing agent is guilty of malice, fraud or

oppression. The Parties do not believe any other discovery limitations are necessary, other than as provided by the Federal Rules of Civil Procedure. If applicable, RTX may seek a protective order regarding trade secret and proprietary business information.

**(6)  Legal Issues**

The key legal issues in this matter include:

1. Whether Plaintiff was subjected to discrimination in employment on the basis of his race in violation of the law by defendants;

2. Whether Plaintiff was retaliated against by defendants con the basis of complaints of race discrimination or safety issues;

3. Whether RTX subjected Plaintiff to any adverse employment action due to his alleged complaints;

4. Whether Plaintiff was subjected to harassment based on his race;

5. The nature and amount of any damages Plaintiff sustained as a result of any alleged unlawful conduct by RTX; and

6. Whether Plaintiff has made reasonable efforts to mitigate his alleged damages.

The parties do not anticipate any unusual substantive, procedural or evidentiary issues in this case.

**(7)  Motions**

  a.  *Procedural Motions*

**Plaintiff:** Plaintiff anticipates filing a motion to Amend to name a Doe defendant Aeronautical Radio, Inc. However, there may be the usual discovery motions in employment cases.

**RTX:** RTX has requested that Plaintiff move for leave of Court to amend the Complaint to add ARI as a party to this action and dismiss RTX, given that RTX did not employ Plaintiff and is, therefore, not a proper party to this action.

  b.  *Dispositive Motions*

**Plaintiff:** Plaintiff does not currently anticipate any motions other than Motions in

Limine or perhaps discovery motions.

**RTX:** Should Plaintiff refuse to amend the pleadings to join ARI as a party and dismiss RTX, RTX intends to file a motion for summary judgment and/or partial summary judgment in this matter on the grounds that RTX was not Plaintiff's employer and therefore is not a covered employer for purposes of Plaintiff's claims under the Fair Employment and Housing Act. Additionally, RTX (and ARI, if it is added as a defendant to this action) intends to move for summary judgment as to all of Plaintiff's causes of action on the grounds that (1) there was no adverse employment action or other conduct taken that was substantially motivated by Plaintiff's race or complaints of race discrimination; (2) the conduct Plaintiff complains of did not rise to the level of harassment based on race; and (3) Plaintiff cannot prove entitlement to punitive damages by clear and convincing evidence. RTX reserves the right to assert additional grounds for summary judgment should they become apparent during the discovery process.

    c.    *Class Certification Motion*.

This is not a class action, accordingly no class certification motions will be filed.

**(8)** **Alternative Dispute Resolution (ADR)**

    a.    *Prior Discussions*. At the Rule 26 conference of counsel, the parties discussed the potential for participation in a Mandatory Settlement Conference (MSC). Prior to this, there have been no discussions regarding settlement or alternative dispute resolution.

    b.    *ADR Selection*. At this time, the parties are agreeable to Settlement Procedure No. 2, under Local Rule 16-15.2. The parties have agreed to use Jan F. Schau, Esq. as mediator.

**(9)** **Trial**

    a.    *Proposed Trial Date*.

**Plaintiff:** January 16, 2022.

**RTX:** December 12, 2022. This is approximately eleven months from when RTX removed this action from State Court, and also eleven months from when RTX filed its

Answer to the State Court Complaint. This timing allows the parties adequate time to conduct discovery (including conducting depositions and obtaining discovery through third party subpoenas) and allows the parties time to file a dispositive motion and have it heard and ruled on before they must start preparing for trial. Additionally, because RTX has a company-wide shutdown in December and early January, a January trial date would result in RTX potentially not having access to essential documents and witnesses in order to adequately prepare for trial.

    b.    *Time Estimate.*

Plaintiff estimates that the trial will last approximately 7 to 9 days with approximately 8 to 12 witnesses.

RTX estimates that the trial will last approximately 4 days, and anticipates only 5-7 witnesses.

    c.    *Jury or Court Trial.*

Plaintiff has demanded a jury trial.

    d.    *Magistrate Judge.*

The Parties do not consent to try this case before the Magistrate Judge nor to having the Magistrate Judge assigned to all proceedings.

    e.    *Trial Counsel.*

Plaintiff:    Will be represented by Terry K. Davis who may associate in addition counsel for trial.

**RTX:** RTX will be represented at trial by Jamie C. Pollaci, Esq. and Sumithra R. Roberts, Esq.

**(10)    Special Requests/Other Issues**

    a.    *Independent Expert or Master.*

The Parties do not believe this is a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

79329579v.2

      b.    *Manual for Complex Litigation.*

The Parties agree that this case should not be subject to the procedures of the Manual for Complex Litigation.

      c.    *Other Issues*.

The Parties do not presently anticipate any other issues that the Court needs to address at this time.

Pursuant to Rule 5-4.3.4(a)(2)(i), I certify that all other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: February 22, 2022        Respectfully submitted,

                                          SEYFARTH SHAW LLP

                                          By:/s/ Sumithra R. Roberts
                                                Jamie C. Pollaci
                                                Sumithra R. Roberts
                                                Attorneys for Defendant
                                                RAYTHEON TECHNOLOGIES
                                                CORPORATION which will do business in California as RAYTHEON (CA) TECHNOLOGIES CORPORATION

DATED: February 22, 2022        LAW OFFICE OF TERRY K. DAVIS

                                          By: /s/ Terry K. Davis
                                               Terry K. Davis
                                               Attorneys for Plaintiff
                                               IAN REED