Terry Davis, Esq., SBN 165088
12711 Newport Avenue, Ste. D
Tustin, CA 92780
(714) 558-9529

Attorney for Plaintiff IAN REED

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN REED,<br><br>　　　Plaintiff,<br><br>vs.<br><br>RAYTHEON (CA) TECHNOLOGIES CORPORATION, AND DOES 1-50, inclusive<br><br>　　　Defendants. | Case No.: 2:22-cv-00405-SB-AS<br><br>Hon. Stanley Blumenfeld, Jr.<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**<br><br>Date: April 29, 2022<br>Time: 9:00 a.m.<br>Ctrm: 6C |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on April 29, 2022 at 9:00 a.m., in courtroom 6C of the U.S. District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, Plaintiff will move this court for an order allowing him to file a First Amended Complaint which will, inter alia, Substitute Defendant AERONAUTICAL RADIO, INC. for DOE No. 1 and add necessary allegations

1

MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

related thereto. A copy of the proposed First Amended Complaint is attached hereto as Exhibit "A."

This is motion is brought after a conference pursuant to Local Rule 7-3, which was held via email on March 9, 2022.

This motion is brought pursuant to Rules 15 of the Federal Rules of Civil Procedure, and the other authorities set forth in the attached Memorandum of Points and Authorities. The motion is based on this notice, the attached memorandum of points and authorities, the Declaration of Terry Davis, Esq., and full record of this matter.

DATED: March 23, 2022                                LAW OFFICES OF TERRY K. DAVIS

_____
Terry K. Davis
Attorney for Plaintiff
IAN REED

## Table of Contents

I.   Introduction ........................................................................................................... 5

II.  Plaintiff Should Be Allowed to File a First Amended Complaint ........................ 6

    A.   Description of First Amended Complaint ..................................................... 6

    B.   The Court Should Follow the Liberal Policy of Allowing Amendments to Pleadings ....................................................................................................... 6

III. Conclusion ............................................................................................................. 8

## Table of Authorities

**Cases:**

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048 (9th Cir. 2003) ...................... 6

*Foman v. Davis*, 371 US 178 (1962) .............................................................................. 6

**Rules:**

FRCP 15(a)(2) ................................................................................................................. 6

## Memorandum of Points and Authorities

### I. Introduction

This employment discrimination/retaliation case was initially filed in the Los Angeles Superior Court before it was removed by Defendant RAYTHEON TECHNOLOGIES on diversity jurisdiction grounds.

After the case was filed, Plaintiff learned that Defendant RAYTHEON TECHNOLOGIES ("RTX") contends that it was not Plaintiff's employer and that the actual employer was instead a subsidiary, AERONAUTICAL RADIO, INC. ("ARI") RTX has stated this contention in its statement of the case in the parties' Joint Report pursuant to Rule 26(f), filed February 22, 2022. (Dckt No. 14, p. 3.) The report also states: "RTX is the direct parent company of Hamilton Sundstrand Corporation, Goodrich Corporation and Rockwell Collins, Inc. and their subsidiaries are within one business segment that does business as and is marketed under the name Collins Aerospace. Aeronautical Radio, Inc., is a wholly-owned indirect subsidiary of Rockwell Collins, Inc." (Dckt No. 14, p. 4.)

Plaintiff also stated his intention to seek leave to amend the complaint to substitute ARI for a Doe defendant in the Report. (Dckt No. 14, p. 9.) RTX, however, insisted that it should be dismissed from the case altogether.

On March 9, 2022, Plaintiff's counsel sent an email to defense counsel Sumithra Roberts to inquire if RTX would stipulate to the filing of a First Amended Complaint to bring ARI into the case as a defendant. Defendant would not stipulate, rendering this motion necessary.

## II. Plaintiff Should Be Allowed to File a First Amended Complaint

### A. Description of First Amended Complaint

The changes included in the First Amended Complaint are described in detail in the concurrently filed Declaration of Terry Davis. In essence, the First Amended Complaint adds ARI as a co-defendant with RTX in all claims and makes appropriate modifications to the allegations as they relate to RTX and ARI. In addition, the paragraphs are appropriate re-numbered, the Complaint is re-formatted for federal practice and certain typographical errors are fixed.

No new causes of actions are alleged and the basic underlying facts supporting liability remain the same.

### B. The Court Should Follow the Liberal Policy of Allowing Amendments to Pleadings

Under the Rule 15(a)(2) leave to amend is to be "freely given when justice so requires." FRCP 15(a)(2); *Foman v. Davis* 371 US 178, 182 (1962). Furthermore, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, … undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." *Foman, id.* "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1052 (9th Cir. 2003).

In this case it is clear that none of the *Foman* factors apply and amendment should therefore be allowed. First, there has been no undue delay. There have been no dispositive motions filed and it is still very early in the case. The complaint was filed in state court on December 16, 2021; the answer was filed on January 18, 2022; and the case was removed to this Court on January 19, 2022. The Rule 26(f) report was filed on February 22, 2022 and, as described above, both parties anticipated an amended complaint naming ARI as a defendant.

Further, the motion is timely based on the Court's February 23 Case Management Order, which requires that any motion to amend pleadings or add parties be heard by May 9, 2022. (Dckt. No. 15.)

Moreover, there is no possible prejudice to RTX. It obviously is no surprise that the motion is being brought, as it has been anticipated by all parties. Further the amendment does not substantively change the issues of case as to RTX, it merely adds a new potentially liable party. As RTX itself has contended that ARI is the appropriate defendant and employer of Plaintiff, it cannot be argued that the allegations against ARI are futile.

As such, the liberal policy on amended pleadings must prevail and leave should be granted for Plaintiff to file the First Amended Complaint.

///

related thereto. A copy of the proposed First Amended Complaint is attached hereto as Exhibit "A."

This is motion is brought after a conference pursuant to Local Rule 7-3, which was held via email on March 9, 2022.

This motion is brought pursuant to Rules 15 of the Federal Rules of Civil Procedure, and the other authorities set forth in the attached Memorandum of Points and Authorities. The motion is based on this notice, the attached memorandum of points and authorities, the Declaration of Terry Davis, Esq., and full record of this matter.

DATED: March 23, 2022                    LAW OFFICES OF TERRY K. DAVIS

*[signature]*
Terry K. Davis
Attorney for Plaintiff
IAN REED

# PROOF OF SERVICE

1  I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. On March 23, 2022 I served the within documents:

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

[ ]  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

[X]  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at 12711 Newport Avenue, Ste. D, Tustin, California 92780.

[ ]  by causing personal delivery by of the document(s) listed above to the person(s) at the address(es) set forth below.

[ ]  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

[X]  by emailing

**Jamie C. Pollaci**
Seyfarth Shaw LLP
2029 Century Park East Suite 3500
Los Angeles, CA 90067-3021
310-277-7200
310-201-5219 (fax)
jpollaci@seyfarth.com
*Assigned: 01/19/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

representing  **Raytheon CA Technologies Corporation**
*(Defendant)*

**Sumithra Rao Roberts**
Seyfarth and Shaw LLP
2029 Century Park East Suite 3500
Los Angeles, CA 90067-3021
310-201-1587
310-201-5219 (fax)
sroberts@seyfarth.com
*Assigned: 01/19/2022*
*ATTORNEY TO BE NOTICED*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with

postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under the penalty of perjury that the foregoing is true and correct under the laws of California and the United States of America.

Executed on March 23, 2022 at Tustin, California.

_____
Terry K. Davis